## City of Rochelle, Appellant, v. Evens & Howard Fire Brick Company, Appellee.

## Gen. No. 5,515.

1. APPEALS AND ERRORS—*when appeal by city perfected.* When a city prays, and the court grants, an appeal the appeal by the city is perfected, but in order to prosecute such appeal a transcript of the record must be filed in the Appellate Court by the second day of its next succeeding term.

2. APPEALS AND ERRORS—*when failure to file separate transcripts upon two appeals not material.* In the absence of a motion to sever, the failure of a city to file separate transcripts upon appeals from separate judgments is not material where the transcript filed was sufficient to enable the review of both judgments appealed from and was filed in apt time to obtain a review of the first judgment appealed from.

3. LOCAL IMPROVEMENTS—*when material does not become property of city.* "When the contractor is to furnish the material and labor for the performance of a working contract, * * * the materials remain the property of the contractor until they are affixed to the land of the builder or are delivered to and accepted by him as his property, and this rule is not altered by the fact that the materials were purchased by the contractor with the intention of working them into the structure or that they were brought upon the land of the builder or that preliminary work had been done upon them so as to fit them for annexation to the structure or that they have been tentatively affixed to the structure for the purpose of seeing whether they would fit and afterwards removed, or that the builder has made payments to the contractor as the work progressed."

Bill for injunction. Appeal from the Circuit Court of Ogle county; the Hon. OSCAR E. HEARD, Judge, presiding. Heard in this court at the

April term, 1911.   Affirmed in part and reversed in part.   Opinion filed October 13, 1911.   *Certiorari* denied by Supreme Court (making opinion final).

W. P. LANDON and BAXTER & WIRICK, for appellant.

J. C. SEYSTER and FRANK E. REED, for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

On March 5, 1906, Giacomo Maffioli and the city of Rochelle entered into a contract by which Maffioli, the contractor, agreed to furnish all the materials and labor and to construct certain sewers, pursuant to a certain ordinance, for $40,813. He agreed to pay for all material and labor used in the construction of said sewer and to keep the city harmless from all damages resulting from any fault or neglect of said contractor during the progress of the work. He agreed to begin the work by March 19, 1906, and to complete it by December 1, 1906, in a substantial and workmanlike manner, and that, if he failed to employ a sufficient force to complete the work within the time specified, the city might at once take possession thereof and employ a sufficient force to complete the work or might advertise for bids for the completion thereof and enter into a new contract for its completion, and the cost of completion, above the amount specified to be paid under the contract, should be paid by the contractor to the city. The contractor also agreed to pay $25 per day as liquidated damages for the non-completion of the work within the time specified. The cost of the work was to be paid for out of funds raised by special assessment on the property benefited, the contractor to be paid in cash out of the sale of vouchers and bonds issued upon said assessment by the city. The engineer in charge on behalf of the city was to make monthly estimates of the material and labor actually wrought

into the completed work, and within ten days after each such estimate the contractor was to be paid 85 per cent thereof. Maffioli entered upon the work and purchased from Evens & Howard Fire Brick Company, hereinafter called the company, a large quantity of sewer piping of various dimensions, and Maffioli distributed most of said pipe along the line of the streets wherein it was to be placed. On June 4, 1906, Maffioli addressed a communication to the city council, asking it, among other things, "to appropriate $2,000 on pipe in stock on the streets." The record of the city council on that day shows that said communication was presented and a motion was unanimously adopted that "the city advance $2,000 on sewer tile in stock, same to be remitted direct to the company furnishing the same." Pursuant to that vote, an order for $2,000 was drawn to Maffioli and he endorsed it and the city sent said order to the company and it was credited to Maffioli. About July 15, 1906, after Maffioli had done work amounting to over $15,000 under the contract, he abandoned the work, leaving various sewers partly dug and in a dangerous condition. The city engineer thereupon proceeded to lay in some of the open sewers some of the tile distributed along the streets, doing said work from time to time till September 26. On September 28, Maffioli executed a bill of sale to George W. Jones, described as secretary of the company, of "all my right, title to and interest in, a certain quantity of sewer pipe of various sizes, now lying on the streets and piled in various places within the corporate limits of the city of Rochelle, Illinois," (giving the approximate amounts), "same being the remainder of a certain quantity of sewer pipe sold to Maffioli by the said" company * * * * * "and I request the Honorable Mayor and the City Council of the city of Rochelle to permit said Geo. W. Jones, sec'y. Evens & Howard Fire Brick Company, his successors or

assigns, to take possession of same and to remove said sewer pipe or otherwise to dispose of it as he may see fit. I further request that the Honorable Mayor and City Council of the City of Rochelle arrange settlement with Geo. W. Jones, sec'y, Evens & Howard Fire Brick Company, his successors or assigns, for all of the sewer pipe belonging to me at the time I ceased work on the said sewers at said city of Rochelle and which was used by said city since the date of ceasing said work about July 15, 1906.'' Thereupon the company notified the city that it was about to remove the sewer tile lying upon the streets. The city then filed a bill against the company to enjoin its removing said tile. The company answered. Thereafter the city let a contract to Paul Baxter for the completion of the work and permitted him to use the sewer tile remaining along the streets, and he did so use said tile. Thereafter the company filed a cross bill to compel the city to pay it for said tile. There was a hearing and thereafter a decree of October 10, 1910, which dismissed the bill of the city for want of equity and decreed that the city pay the company the market value of all sewer pipe sold by the company to Maffioli in 1906, which was built into said sewer system by the city after Maffioli ceased work on the same, and all that was sold or disposed of by the city to Baxter; and the decree referred the cause upon the cross bill to the master to take proofs and report as to the market value of all sewer pipe placed in said sewer system by said city after Maffioli ceased work upon the same and all that was disposed of by the city to Baxter or otherwise. From that decree the city prayed an appeal to this court, which appeal the court allowed. Thereafter the master took evidence and made a report, and reported the market value of sewer pipe sold by the company to Maffioli in 1906 and placed in the sewer system by the city after Maffioli ceased work, including that sold to Baxter, at $3434.39. No objections or exceptions were

filed to that report. Thereafter on February 10, 1911, the court rendered a decree under the cross bill in favor of the company against the city for $3434.39 together with all the costs. From that decree the city prayed an appeal to this court, which the court allowed.

It is contended by appellee that appellant did not perfect its appeal from the October decree and that the correctness of that decree cannot here be considered; and that as appellant did not except to the master's report, it cannot be heard to question the February decree. No bond is required of a municipal corporation upon an appeal. When the city prayed an appeal to this court and the trial court granted that prayer, the appeal to this court was perfected. To prosecute that appeal it was essential that the appellant file a transcript of the record of the court below in this court by the second day of its next succeeding term, which was the April term, A. D. 1911. The appeal from the February decree was likewise perfected when the prayer for an appeal therefrom was granted by the trial court, and the prosecution of that appeal required that a like transcript of the record involved in that appeal be filed by the second day of our April term A. D. 1911. A minute compliance with the law would perhaps require that two records should be filed, but the appellant has filed one record, covering the matter of both appeals, and that record was filed within the time fixed by law for the prosecution of the appeal from the October decree. Appellee did not move that the appeals be severed, but filed briefs and thereby joined in error. If the October decree was only interlocutory, as appellant contends, then the appeal from the February decree brings up the entire record. If the October decree was final, as appellee contends, still by the filing of this record, the assigning of errors on each decree, and the joinder in error by appellee, we have jurisdiction of both appeals.

Appellant contends that this pipe, scattered along the street, had thereby become a part of the construction of this improvement, and that the city had a right to and did take possession thereof, and that Maffioli could not thereafter sell the same to the company; and, also, that by the advance of $2000 on the pipe in the street on June 4, the city either acquired a lien upon the pipe or became the purchaser thereof. We cannot concur in these contentions. The true rule we think is stated in 30 Am. & Eng. Ency. of Law, 2nd. Ed., 1215, as follows:

"When the contractor is to furnish the material and labor for the performance of a working contract, * * * * the materials remain the property of the contractor until they are affixed to the land of the builder or are delivered to and accepted by him as his property, and this rule is not altered by the fact that the materials were purchased by the contractor with the intention of working them into the structure or that they were brought upon the land of the builder or that preliminary work had been done upon them so as to fit them for annexation to the structure or that they have been tentatively affixed to the structure for the purpose of seeing whether they would fit and afterwards removed, or that the builder has made payments to the contractor as the work progressed."

To the same effect are Manchester Mills v. Rundlett, 23 N. H. 271; Fairfield Bridge Co. v. Nye, 60 Me. 372; and Cameron v. Orleans & Jefferson Ry. Co., 108 La. 83. The case of Duplan Silk Co. v. Spencer, 115 Fed. R. 689, relied upon by appellant, is distinguished from this case by the fact that there the owner was authorized by the contract to take possession of all the materials, tools, and appliances of the contractor if he abandoned the work, while the contract before us does not contain such a provision. The city engineer testified that he took possession of all this tile, but he testi-

fied to no act which amounts to taking possession, except to the tile which he actually did lay in the sewer between July 15 and September 26. We are of opinion under the authorities above cited, that the city did not take possession of any of the tile left lying on the streets by Maffioli, except that which its engineer placed in the sewer. There was nothing in the communication addressed to the council by Maffioli on June 4 nor in the language of the resolution adopted on June 4 to indicate that Maffioli intended to sell or the city to buy this sewer pipe or any part thereof by the advancement of that $2,000. No language was used indicating that the city should have a lien on said sewer pipe for said $2,000. Moreover, between June 4 and July 15, when Maffioli quit, he did a very large amount of work and laid a large amount of sewer pipe, and we may fairly infer that $2,000 worth of pipe went into the sewers between June 4 and September 26.

Appellant contends that Maffioli sold his pipe to Jones and not to the company, and that, as Jones is not a party, the decree in favor of the company is wrong. It is clear, we think, that the bill of sale was to Jones in his capacity as secretary of the company. Jones paid nothing for the bill of sale. Maffioli was to be credited on his indebtedness to the company for what pipe was obtained on the bill of sale. Jones was a witness and testified that he bought it for the company, and he is no doubt bound by the decree. Other technical objections here interposed by appellant we regard as unsound, but they do not require separate discussion.

We conclude that the October decree was erroneous in one respect, which error is carried into the master's report and the February decree. Maffioli only sold to the company the sewer pipe "now lying on the streets and piled in various places within the corporate limits of the city of Rochelle." The proof shows that the city

engineer laid 316.3 feet of one size of sewer pipe, 728 feet of another size and 388.8 feet of still another size, or 1433.1 feet in all, in the sewer after Maffioli quit and before September 26, 1906, and that the fair cash market value of said sewer pipe was $310.50. That pipe was taken possession of by the city and appropriated to the purposes of Maffioli's contract before he made this bill of sale. It was attached to the sewer system and he could not thereafter sell it to any one and he did not attempt to sell it to the company by the terms of his bill of sale. He did request the council to settle with the company for the sewer pipe which it had used during that period, but obviously that request gave the company no legal rights. Maffioli was entitled to be allowed for the pipe so used upon a final settlement between the city and himself, after the second contractor had completed the work. The company could not obtain any right in the sewer pipe, so incorporated into the sewer system before the bill of sale was executed. The decree pays the company for this sewer pipe so used by the city before the bill of sale was made and not embraced in the bill of sale. The error was in the October decree. Appellant had no occasion to complain of the report of the master, as to the values, and its assignment of errors in the October decree preserves its rights.

The decree of the court below is therefore reversed as to $310.50 of the amount therein adjudged to the cross complainant and is affirmed as to the sum of $3,123.89 thereof at the costs of appellee.

*Affirmed in part and reversed in part.*